IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DUSTIN SMITH, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:16-cv-00306 |
| ) | |
| vs. ) | |
| ) | |
| WRIGHT TREE SERVICE, INC., ) | |
| ) | |
| Defendant ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, Dustin Smith, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dustin Smith, is a resident of Allen County in the State of Indiana and a former employee of Defendant.

2. Defendant, Wright Tree Service, Inc., is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Mr. Smith invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began his employment with Defendant in 2014.

6. Plaintiff suffers from Irritable Bowel Syndrome ("IBS").

7. From June to September 2015, Plaintiff was assigned to a job spraying tree stumps with a chemical called Garlon 4 on the property of American Electric Power.

8.  While working on American Electric Power property, Plaintiff was told that it is illegal to spray stumps with Garlon 4 without a Category 6 license.

9.  In September, the Defendant instructed Plaintiff to spray Garlon 4 on a job and Plaintiff stated that it was illegal to do so.  Defendant ordered Plaintiff to do it anyway.

10.  Afterwards Plaintiff contacted the Indiana Department of Agriculture and confirmed that it was illegal for him to spray the stumps with the proper credentials, and Plaintiff notified his supervisor that he could not use the chemical until he received Category 6 training.

10.  Approximately a week later, Plaintiff's IBS flared up and caused him to be three (3) minutes late to work.

11.  Plaintiff was terminated on October 19, 2015, allegedly for being tardy.

12.  Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) charge number 470-2016-00589).

13.  The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on June 9, 2016.

## COUNT I

14.  Plaintiff incorporates by reference paragraphs one through thirteen (13) of his complaint for damages.

15.  Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, specifically he suffers from Irritable Bowel Syndrome.

16.  The Defendant was aware Plaintiff's disability and/or perceived disability and refused to provide reasonable accommodation when Plaintiff stopped to use a restroom facility on his way to work.

17. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

18. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated his employment.

19. Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

20. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) above.

22. On or about September or October, 2015, Plaintiff contacted the Office of the Indiana State Chemist and learned that it is illegal spray Garlon 4 without being certified and licensed by the State of Indiana.

23. Plaintiff could be subject to personal fines and jail time for knowingly violating the regulations governing the application of herbicides and therefore informed Defendant that he could no longer spray the herbicide.

24. Defendant contravened the Indiana law when it terminated Plaintiff on or about October 19, 2015 in retaliation for complaining about Defendant's illegal actions and/or refusing to violate the law.

25. Plaintiff's termination, by Defendant, for opposing the violation of state law is contrary to public policy and actionable under common law.

26. As a result of Defendant's actions, Plaintiff sustained damages including, but not limited to, lost wages and benefits, and attorney fees.

WHEREFORE, Plaintiff, Dustin Smith, by counsel, respectfully requests judgment against Defendant, Wright Tree Service, Inc., in an amount sufficient to fairly and adequately compensate Plaintiff for his lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Suite A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax